THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| THE LINDERIAN COMPANY, LTD., | § | |
| | § | Case No. 22-60024 |
| Debtor. | § | |

**DEBTOR'S EMERGENCY (AND LIMITED) MOTION PURSUANT TO 11 U.S.C. § 363 FOR INTERIM AND FINAL ORDERS AUTHORIZING THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.[1]**

TO THE HONORABLE JOSHUA SEARCY
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES CHAPTER 11 DEBTOR THE LINDERIAN COMPANY LTD to respectfully file this Emergency (and Limited) Motion Pursuant to 11 U.S.C. § 363 for Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Adequate Protection (the "Motion") pursuant to Sections 105(a), 361, 362(a) and 363(c) of Title 11 of the United States Code (the

---

1 **The Debtor is seeking emergency expedited relief, and the Court may order shortened deadlines.**

"Bankruptcy Code"), and Rules 4001, 6003 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and, in support hereof, state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Consideration of this action is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2. On January 19, 2022 (the "Petition Date"), the Debtor commenced the Reorganization Case by filing a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 301 (the "Bankruptcy Code").

3. The Debtor continues to operate its business and mages its property as a debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, ombudsman, or official committees have been appointed in the above captioned Chapter 11 proceeding (the "Reorganization Case").

### FACTUAL BACKGROUND

4. The Debtor previously reorganized under Chapter 11 from a filing in January 2016 and has been operating successfully for the last several years after its initial exit from bankruptcy. However, the recent pandemic of COVID-19 has dramatically and negatively affected the Debtor's financial strength. The Debtor lost a big portion of its patients over the last two years due to COVID, and, because of the new COVID restrictions, new patients (particularly private pay patients) were not coming in at the rate previously experienced by the Debtor.

5. The Debtor believed it would receive more help from the last round of the CARES Act in December 2021, but that did not pan out. In July 2021, the IRS began levying the Debtor's Medicare payments, to date, between 800,000 - $1 million.  Without the Medicare payments that

average approximately $150,000 per month, the Debtor was unable to stay current on its payroll taxes which initiated the levy in the first instance.

6. This Emergency Motion comes to this Court today, January 20, 2022, because Debtor must meet payroll for its 100 employees, which the Debtor employs on a full and part-time basis in various capacities to keep the Debtor's business operating successful and efficiently. Debtor's payroll obligation is approximately $145,000, but Debtor must borrow $125,000 to satisfy this obligation. Debtor intends to enter into a Loan Agreement with its landlord, Shefa Healthcare, LLC, for an amount of $125,000. While this will cover much of the Debtor's current payroll obligation, Debtor will need to use cash to pay the balance.

### RELIEF REQUESTED AND AUTHORITY FOR RELIEF

7. **By this Motion, the Debtor respectfully requests the entry of an order authorizing the use of approximately $20,000 in Cash Collateral to pay payroll for the period immediately preceding the Petition Date.**[2]

8. The Secured Creditors include:

The Internal Revenue Service, for Liens filed on and in the amount of:

- 8/18/2015, $253,609.91
- 10/16/2015, $263,822.35
- 11/15/2019, $1,721,517
- 12/17/2020, $457,185.39
- 7/06/2021, $105,373.43

---

[2] Nothing contained in this Motion constitutes an admission or waiver of any fact, claim, or defense related to the Secured Creditors' claims, the security interests asserted by the Secured Creditors against property of the estates, or the nature, extent, validity, or priority of the Secured Creditors' asserted security interests, or any other matter with respect to the Secured Creditors.

- 7/16/2021, $20,755.02
- 8/17/2021, $250,169.15
- 10/20/21, $207,703.92

In addition, there are financing statements filed by the Corporation Service Company and CT Corporation System, as representatives. Debtor believes these are leases on leased equipment and not secured loans on cash collateral.3

9. The Secured Creditors are the only claimants that have an interest in the Cash Collateral.

10. The Debtor must use the Cash Collateral to operate its businesses and has only been able to obtain credit of $125,000 for the bulk of its payroll obligation.

11. As such, the Debtor requests the limited use of Cash Collateral to pay the payroll included within the Debtor's contemporaneous payroll motion. Without the use of the Cash Collateral, the Debtor will not have the funds necessary to maintain operations of the businesses because it will not be able to meet its payroll obligation.

12. In order to avoid immediate and irreparable harm to the estate that will occur if the use of Cash Collateral is not immediately approved, on an interim basis, the Debtor requests authorization for immediate use of Cash Collateral for essential operating purposes in exchange for the adequate protection set forth herein.

13. As adequate protection for the use of Cash Collateral, the Debtor requests that the Court grant the Secured Creditors, effective on and after the effective date of the interim order ("Interim Order") hereon, the following protections: Court Records: As part of the adequate protection provided to the Secured Creditors, the Debtor shall submit to the Secured Creditors

---

3 Combined as Exhibit 2.

copies of all monthly reports required to be made to the United States Trustee, all filings made by the Debtor with the Court, and all notices of hearings in this Reorganization Case. <u>Bank Accounts</u>: The Debtor shall maintain their Debtor-in-Possession accounts in accordance with the orders of this Court applicable thereto and/or in accordance with the regulations of the Office of the United States Trustee. <u>Insurance</u>: The Debtor shall give the Secured Creditors proof of insurance coverage and maintain same on the tangible portions of the Collateral. <u>Taxes</u>. The Debtor intends to stay current on all post-petition tax obligations. <u>Replacement Liens</u>: The Secured Creditors shall be granted a general and continuing lien upon and security interest in and to all of the Debtor's right, title, and interests in, to, and against the Secured Creditors' collateral, acquired by the Debtor after the Petition Date (the "<u>Post-Petition Collateral</u>"); provided, however, that such replacement liens shall be granted only to the extent necessary to replenish the diminution in value as of the Petition Date of the Secured Creditors' pre-petition liens and security interest and shall not exceed the amount, priority, validity, perfection or enforceability of the Secured Creditors' lien position and rights as of the Petition Date; provided further, that such replacement liens shall not attach to avoidance actions or other actions under Chapter 5 of the Bankruptcy Code or any proceeds or recoveries therefrom; provided further that the replacement liens shall not be subject to any lien that is avoided and preserved for the benefit of the Debtor's estates under section 551 of the Bankruptcy Code; provided further that notwithstanding anything to the contrary herein, nothing herein shall prejudice the Debtor's right to contest, dispute, object to, avoid, and/or raise any and all defenses and claims against the Secured Creditors' prepetition alleged secured loans, security interests, and liens for the limited period described herein, and nothing herein shall entitle any of the Secured Creditors to cross collateralization not previously allowed.  The Replacement Liens provided by this paragraph shall be deemed first and prior, valid, perfected, and enforceable

without the need of filing, recordation, documentation, or other acts on the part of the Secured Creditors or the Debtor subject to the following paragraph.

14.   The Debtor specifically reserves the right to assert an objection to the nature, extent, validity, or priority of the Secured Creditors' security interests, or any other matter with respect to such.

### REQUEST FOR EMERGENCY INTERIM HEARING

15.   Pursuant to Bankruptcy Rules 4001 and 6003, the Debtor requests the Court conduct an emergency hearing on this Motion. The requested use of Cash Collateral pending entry of a final order is necessary to avoid immediate and irreparable harm to the Debtor and its estate. Indeed, without such relief, the Debtor is gravely concerned about the health and wellbeing of its resident patients and the value of its assets and businesses by loss of employees if payroll is not paid. If this occurs, the value of the Debtor's estate will be drastically reduced, and it will become much more difficult to conduct an efficient and orderly reorganization and pay creditors. The Debtor faces the very real and substantial risk that the value of their businesses and assets may be severely, immediately, and irreparably impaired if authority is not granted immediately.

16.   In light of the foregoing, the Debtor respectfully submits that the relief requested herein is essential for Chapter 11 reorganization, represents an exercise of its sound business judgment, is in the best interests of the Debtor's estate and creditors, and is necessary to prevent immediate and irreparable harm to their estates as contemplated under Bankruptcy Rule 4001(b)(2) and excepted from Rule 6003. Accordingly, the Debtor seeks approval of the Motion by entry of an Interim Order hereon with a final hearing to be set no earlier than 14 days from the service of this Motion.

## NOTICE

17. Notice of this Motion is being given concurrently with the filing hereof to the Office of the United States Trustee, each of the Debtor's secured creditors and their counsel where known, and each of the Debtor's unsecured creditors. No official committee or trustee has been appointed in this Reorganization Case. Accordingly, the Debtor submits, under the circumstances, no further or other notice is necessary, other than with respect to a final hearing on this matter when set by the Court.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, (i) authorizing the Debtor to use Cash Collateral in accordance herewith, (ii) granting as adequate protection the replacement liens and protections proposed herein above, (iii) authorizing continued use of Cash Collateral on such terms as the Court may impose or to which the Secured Creditors may consent, and (iv) granting the Debtor all such other and further relief to which it may be justly entitled.

Dated: January 20, 2022,                          Respectfully submitted,

*/s/ Mark A. Castillo*
Mark A. Castillo
 Texas State Bar No. 24027795
Robert C. Rowe
 Texas State Bar No. 24086253
Braxton B. Markle
 Texas State Bar No. 24126022
**CURTIS | CASTILLO PC**
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile:  214.752.0709
Email:  mcastillo@curtislaw.net
            rrowe@curtislaw.net
            bmarkle@curtislaw.net

**PROPOSED COUNSEL TO DEBTOR**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that, on the evening of January 19 and morning of January 20, 2022, counsel for the Debtor emailed last known counsel for the U.S. Trustee, Texas A.G. (Health and Human Services Commission), and IRS concerning the Debtor's emergency first-day filings. U.S. Trustee counsel is first available on January 21, 2022 and, accordingly, Debtor respectfully seeks a hearing on January 21 at the Court's earliest opportunity <u>but has not confirmed the parties' positions on this motion</u>.

*/s/ Mark A. Castillo*
Mark A. Castillo

## CERTIFICATE OF SERVICE

I, undersigned, hereby certify that on January 20, 2022, the foregoing document was served (a) via the Court's CM/ECF system upon all parties receiving notice thereby, (b) via email where known, and (c) via first-class mail, postage prepaid, on the attached matrix of creditors.

*/s/ Braxton B. Markle*
Braxton B. Markle
