**EXHIBIT**

**1**

## THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **THE LINDERIAN COMPANY, LTD.,** | § | |
| Tax ID No. 8556 | § | |
| 301 Hollybrook Drive | § | |
| Longview, Texas | § | |
| | § | **Case No. 22-60024** |
| Debtor. | § | |

## INTERIM ORDER GRANTING DEBTOR'S IN POSSESSION SECOND EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND GRANTING ADEQUATE PROTECTION

On this day came on for consideration the Debtor's *Second Emergency Motion for Authority to Use Cash Collateral Pursuant 11 U.S.C. § 363 and Granting Adequate Protection* (the "Motion") of Debtor THE LINDERIAN COMPNAY, LTD. Having considered the Motion, any responses thereto, the arguments of counsel and evidence presented at a hearing on the Motion, the Court enters the following order.

The Court finds that it has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334; the Court finds that these are core proceedings pursuant to 28 U.S.C. § 157(b)(2); the Court finds that proper and adequate notice of the Motion and the hearing thereon has been given under the circumstances and that no other or further notice is necessary; the Court finds that the relief granted herein is necessary to avoid immediate and irreparable harm as contemplated by Bankruptcy Rule 6003(b);the Court finds Debtor has shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion; the Court finds the relief requested in the Motion is in the best interest of the Debtor, its estate, and the creditors thereof; and the Court finds that upon the record herein after due deliberation thereon good and sufficient cause exists for granting the Motion as follows:

**ORDERED** that the Motion and relief requested are **GRANTED** on an interim basis as expressly stated herein.

**IT IS FURTHER ORDERED** that, with consent given by the Internal Revenue Service, the Debtor is authorized to utilize Cash Collateral (all terms as defined in the Motion) under section 363 of the Bankruptcy Code of (a) up to $147,534.33 to pay payroll plus the required amount to pay all required taxes and withholdings from both employer and employee, and (b) up to $87,958.00 in additional expenses under the left-side "Authorized" column of the attached Exhibit 1 Budget, less the LDI payroll amount of $500.27 and associated taxes for Greg Sechrist within the line item of LDI Management (which amount has been waived by Mr. Sechrist). The request for payment of the items on the right-side "Postponed" column of the Budget shall be heard at final hearing on February 22, 2022.

**IT IS FURTHER ORDERED** that, as adequate protection and on an interim basis for the use of the Cash Collateral, the Court grants the Secured Creditors (i.e., the Internal Revenue Service) the following protections: Court Records: As part of the adequate protection provided to the Secured Creditors, the Debtor shall submit to the Secured Creditors copies of all monthly reports required to be made to the United States Trustee, all filings made by the Debtor with the Court, and all notices of hearings in this Reorganization Case. Bank Accounts: The Debtor shall maintain their Debtor-in-Possession accounts in accordance with the orders of this Court applicable thereto and/or in accordance with the regulations of the Office of the United States Trustee. Insurance: The Debtor shall give the Secured Creditors proof of insurance coverage and maintain same on the tangible portions of the Collateral. Taxes. The Debtor intends to stay current on all post-petition tax obligations. Replacement Liens: The Secured Creditors shall be granted a general and continuing lien upon and security interest in and to all of the Debtor's right, title, and

interests in, to, and against the Secured Creditors' collateral, acquired by the Debtor after the Petition Date (the "Post-Petition Collateral"); provided, however, that such replacement liens shall be granted only to the extent necessary to replenish the diminution in value as of the Petition Date of the Secured Creditors' pre-petition liens and security interest and shall not exceed the amount, priority, validity, perfection or enforceability of the Secured Creditors' lien position and rights as of the Petition Date; provided further, that such replacement liens shall not attach to avoidance actions or other actions under Chapter 5 of the Bankruptcy Code or any proceeds or recoveries therefrom; provided further that the replacement liens shall not be subject to any lien that is avoided and preserved for the benefit of the Debtor's estates under section 551 of the Bankruptcy Code; provided further that notwithstanding anything to the contrary herein, nothing herein shall prejudice the Debtor's right to contest, dispute, object to, avoid, and/or raise any and all defenses and claims against the Secured Creditors' prepetition alleged secured loans, security interests, and liens for the limited period described herein, and nothing herein shall entitle any of the Secured Creditors to cross collateralization not previously allowed. The Replacement Liens provided by this paragraph shall be deemed first and prior, valid, perfected, and enforceable without the need of filing, recordation, documentation, or other acts on the part of the Secured Creditors or the Debtor subject to the Debtor's right to assert an objection to the nature, extent, validity, or priority of the Secured Creditors' security interests, or any other matter with respect to such.

**IT IS FURTHER ORDERED** that, notwithstanding anything contained herein to the contrary, nothing herein shall affect the rights of the Texas Health and Human Services Commission from exercising its rights of recoupment, but the Debtor In Possession, Internal Revenue Service, or any Trustee subsequently appointed shall retain its right to exhaust administrative remedies to contest the dollar amount of any recoupment(s) effectuated.

**IT IS FURTHER ORDERED** that the relief granted by this Interim Order on an interim basis shall be converted to a final basis if no objection to the Motion is filed by **February 18, 2022**. A final hearing on this Motion will be held on **February 22, 2022 at 9:30 a.m.**, with witness and exhibit lists to be filed and served (and exhibits exchanged) by **February 21, 2022**.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Interim Order.

**IT IS FURTHER ORDERED** that all requested relief not otherwise granted is denied without prejudice.