

02/07/2022

THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| **THE LINDERIAN COMPANY, LTD.,** | § | |
| Tax ID No. 8556 | § | |
| 301 Hollybrook Drive | § | |
| Longview, Texas | § | |
| | § | Case No. 22-60024 |
| Debtor. | § | |

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO (I) APPROVE DEBTOR'S ADEQUATE ASSURANCE OF PAYMENT; (II) PROHIBIT UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES; AND (III) ESTABLISH PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

On this day came on for consideration the *Debtor's Emergency Motion to (I) Approve Debtor's Adequate Assurance of Payment, (II) Prohibit Utilities From Altering, Refusing, or Discontinuing Services; and (III) Establish Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment* (the "Motion") pursuant to Sections 105(a), 363, and 366 of Title 11 of the United States Bankruptcy Code. Having considered the Motion, any responses thereto, the arguments of counsel and evidence presented at a hearing on the Motion, the Court enters the following order.

The Court finds that it has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334; the Court finds that these are core proceedings pursuant to 28 U.S.C. § 157(b)(2); the Court finds that proper and adequate notice of the Motion and the hearing thereon has been given under the circumstances and that no other or further notice is necessary; the Court finds that the relief granted herein is necessary to avoid immediate and irreparable harm as contemplated by Bankruptcy Rule 6003(b);the Court finds Debtor has shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion; the Court finds the relief requested in the Motion is in the best interest of the Debtor, its estate, and the creditors thereof; and the Court

finds that upon the record herein after due deliberation thereon good and sufficient cause exists for granting the Motion as follows:

**ORDERED** that the Motion and relief requested are **GRANTED** on an interim basis.

**IT IS FURTHER ORDERED** that the Debtor is authorized to provide the Utility Companies with Adequate Assurance of Payment pursuant to section 366 of the United States Bankruptcy Code, and in accordance with any of this Court's orders authorizing the use of cash collateral.

**IT IS FURTHER ORDERED** that all utilities (as defined in 11 U.S.C. 363), including the Utility Companies (as defined in the Motion) are **PROHIBITED** from altering, refusing, or discontinuing the Debtor's Utility Services.

**IT IS FURTHER ORDERED** that Debtor's Proposed Adequate Assurance is **GRANTED**, as follows:

  a. Court Records: As part of the adequate protection provided to the Secured Creditors, upon request, the Debtor shall submit to the Utility Companies copies of all monthly reports required to be made to the United States Trustee, all filings made by the Debtor with the Court, and all notices of hearings in this Reorganization Case.

  b. Bank Accounts: The Debtor shall maintain their Debtor-in-Possession accounts in accordance with the orders of this Court applicable thereto and/or in accordance with the regulations of the Office of the United States Trustee.

  c. Insurance: The Debtor shall maintain insurance requested by the Court or United States Trustee.

  d. Taxes: The Debtor shall stay current on all post-petition tax obligations.

 e. Cash Collateral Budgets: Debtor shall include timely payment in full for all post-petition Utilities in its Cash Collateral Budgets.

**IT IS FURTHER ORDERED** that, if the Utility Companies seek additional adequate assurance, they must serve such request no later than February 18, 2022. Any requests for additional adequate assurance must be mailed and emailed to:

| | |
|---|---|
| Greg Sechrist | Mark A. Castillo |
| Linderian Healthcare, Ltd | Curtis Castillo, PC |
| 301 Hollybrook Drive | 901 Main Street, Suite 6515 |
| Longview, Texas 75605 | Dallas, TX 75202 |
| linderian@cablelynx.com | mcastillo@curtislaw.net |

**IT IS FURTHER ORDERED** that a request for additional adequate assurance must:

 i. be made in writing;

 ii. specify the amount and/or nature of assurance of payment that would be satisfactory to the Utility Company;

 iii. set forth which utility services are provided and the relevant account numbers;

 iv. describe any deposits, prepayments or other security held by the requesting Utility Company;

 v. explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance for future payment.

Failure to timely comply with the above requirements may result in the disallowance of the request.

**IT IS FURTHER ORDERED** that:

 a. On the Debtor's receipt of a timely and proper Additional Assurance Request, the Debtor shall have 21 days from the Request Deadline (the "<u>Resolution Period</u>") to negotiate and resolve the Utility Company's Additional Assurance

Request. The Debtor and the affected Utility Company may agree to extend the Resolution Period.

b.  Without further order of the Court, but with the consent of the Internal Revenue Service if cash collateral is to be used, the Debtor may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and may, in connection with such resolution, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including but not limited to, cash deposits, prepayments, or other forms of security, if the Debtor believes such additional assurance is reasonable.

c.  If the Debtor determines that an Additional Assurance Request is not reasonable and/or is not able to resolve such request during the Resolution Period, the Debtor, during or after the Resolution Period, may request a hearing (the "Determination Hearing") before this Court to determine the adequacy of assurance of payment made by the requesting Utility Company pursuant to Bankruptcy Code § 366(c)(3)(A).

d.  The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to serve an Additional Assurance Request by the Request Deadline.

e.  Pending resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing services to the Debtor.

**IT IS FURTHER ORDERED** that any Utility Company that does not serve a request for additional adequate assurance by the Additional Adequate Assurance Request Deadline shall be

deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of Bankruptcy Code section 366(c)(2), and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Debtor's Reorganization case, except as provided in Bankruptcy Code section 366(c)(3).

**IT IS FURTHER ORDERED** that this interim order and any final order applies to any subsequently identified Utility Company or utility under section 363, regardless of when they were arguably identified in the Motion.

**IT IS FURTHER ORDERED** that nothing herein shall be construed as an admission of the validity of any claim against the Debtor, a waiver of the Debtor's right to dispute any claim, or an approval or assumption of any agreement, contract or lease under Bankruptcy Code § 365. The Debtor's rights to contest any invoice or claim of a Utility Company are expressly reserved in accordance with applicable non-bankruptcy law.

**IT IS FURTHER ORDERED** that the relief granted by this Interim Order on an interim basis shall become a final order if no objection to the Motion is filed by **February 18, 2022**. In the event a final hearing on this Motion is necessary, such hearing will be conducted at the time and date set out below.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Interim Order.

**IT IS FURTHER ORDERED** that all requested relief not otherwise granted is denied without prejudice.

**IT IS FURTHER ORDERED** that, if an objection is filed and a final hearing needed, the Court will convene a virtual hearing on the Motion to consider the entry of a final order regarding the Motion on:

## Tuesday, February 22, 2022 at 9:30 a.m.

***  Join Microsoft Teams Hearing:  https://bit.ly/3fJRJh9   ***

Any questions regarding the continued virtual hearing may be forwarded to the Courtroom Deputy as set forth below:

>Ms. Alexa Turman
>Phone: (903) 590-3240
>or
>Email:  Alexa_Turman@txeb.uscourts.gov

## This is the only notice that will be provided for this hearing.

Such hearing shall be conducted pursuant to the virtual hearing directives issued by the Court.[1]

**IT IS FURTHER ORDERED** that the Clerk shall distribute copies of this Order to all attorneys active in this case by electronic means and otherwise to all parties listed on the Master Mailing Matrix as constituted by the Court on the date of its entry through the Bankruptcy Noticing Center.

Signed on 02/07/2022

AT

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

---

[1] The directives regarding the conduct of virtual hearings are located on Judge Searcy's webpage on the Court's website, https://www.txeb.uscourts.gov/content/judgesearcy under the *Virtual Hearings* tab. Attorneys are reminded that they are responsible for the virtual appearance of any witness sponsored by that attorney at the hearing and that any such witness must: (1) join the hearing as a separate participant from the sponsoring attorney; (2) use a different camera and microphone than the sponsoring attorney; and (3) be capable of accessing any exhibit needed for the examination.