**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE LINDERIAN COMPANY, LTD., | § | CASE NO. 22-60024 |
| | § | |
| DEBTOR. | § | CHAPTER 11 – SUBCH. V |

**THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION'S LIMITED
OBJECTION AND RESERVATION OF RIGHTS TO THE DEBTOR'S SECOND
EMERGENCY MOTION FOR AUTHORITY TO USE
CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363**

The Texas Health and Human Services Commission ("HHSC"), by and through the Office of the Attorney General of Texas, hereby files its limited objection and reservation of rights (the "Limited Objection") to the *Second Emergency Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363* [Doc. No. 43] (the "Second Cash Collateral Motion") filed by The Linderian Company, Ltd. (the "Debtor"). In support of the Limited Objection, HHSC respectfully states as follows:

**BACKGROUND**

1. On January 19, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code"). In its petition, the Debtor elected to proceed in its bankruptcy case under Subchapter V of the Bankruptcy Code.

2. On January 20, 2022, the Debtor filed certain "first day" motions, including the Debtor's *Emergency (And Limited) Motion Pursuant to 11 U.S.C. § 363 for Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Adequate Protection* [Doc. No. 6] (the "Cash Collateral Motion"). By the Cash Collateral Motion, the Debtor sought authority to use cash collateral of the Internal Revenue Service (the "IRS"), Corporation Service Company

("CSC") and CT Corporation System ("CTC," collectively with the IRS and CSC, the "Secured Creditors") to fund payroll for the Debtor's employees at the Debtor's skilled nursing facility located in Longview, Texas (the "Facility").

3. A hearing on the first day matters, including the Cash Collateral Motion, was set for January 21, 2022 (the "First Day Hearing"). Prior to the First Day Hearing, the undersigned counsel negotiated with Debtor's counsel for language in any order on the Cash Collateral Motion recognizing and preserving HHSC's Medicaid recoupment right. Debtor's counsel agreed to the inclusion of such language.

4. On January 21, 2022 the Court held the First Day Hearing and granted relief to the Debtor on its various first day motions, including the Cash Collateral Motion. On January 24, 2022, the Court entered an interim order granting the Cash Collateral Motion [Doc. No. 23] (the "First Interim Cash Collateral Order"). The First Interim Cash Collateral Order included the following provision:

> [N]otwithstanding anything contained herein to the contrary, nothing herein shall affect the rights of the Texas Health and Human Services Commission from exercising its right of recoupment, but the Debtor In Possession, Internal Revenue Service, or any Trustee subsequently appointed shall retain its right to exhaust administrative remedies to contest the dollar amount of any recoupment(s) effectuated.

5. On January 24, 2022, Mark Weisbart was appointed Subchapter V Trustee.

6. On January 28, 2002, the Debtor filed its *Second Emergency Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363* [Doc. No. 43] (the "Second Cash Collateral Motion"). By the Second Cash Collateral Motion, the Debtor sought to use approximately $291,000 of the Secured Creditors' cash collateral to satisfy the Debtor's financial obligations set forth in a 21-day budget attached as an exhibit to the Second Cash Collateral Motion.

7. On February 2, 2022, EBF Holdings, LLC ("EBF") filed an objection [Doc. No. 55] (the "EBF Holdings Objection") to the Debtor's Second Cash Collateral Motion. By the EBF Holdings Objection, EBF alleges that EBF owns certain of the Debtor's accounts receivable (the "Receivables") based on the Debtor's alleged pre-petition sale of such Receivables to EBF. In support of these allegations, EBF attached a copy of a Revenue Based Financing Agreement between the Debtor and EBF (the "Agreement") to its objection. In the Agreement, the Debtor alleges that it had title to the Receivables and that the Receivables were unencumbered. *See* Agreement at ¶ 2.13. The EBF Holdings Objection requested denial of the Debtor's cash collateral use the extent the Debtor seeks to use the Receivables, which EBF alleges are its property.

8. An emergency hearing on the Debtor's continued use of cash collateral was held on February 7, 2022. Following the hearing, the Court entered the *Interim Order Granting Debtor's In Possession Second Emergency Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection* [Doc. No. 75] (the "Second Interim Cash Collateral Order"). The Second Interim Cash Collateral Order authorized the Debtor's continued use of the Cash Collateral and also set forth the same language with respect to HHSC's recoupment rights as set forth in the First Interim Cash Collateral Order. The Second Interim Cash Collateral Order shall become a final order, barring any objection on or before February 15, 2022.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

9. Currently, there are approximately sixty residents at the Facility, a portion of whom are Medicaid patients. HHSC is the administrator of the Texas Medicaid Program which, in conjunction with the federal government, provides medical coverage to eligible Texans in need. *In re Xerox Corp.*, 555 S.W.3d 518, 524-25 (Tex. 2008) (describing the program and the State of

3

Texas's obligation to monitor payments in an attempt to prevent waste, fraud, abuse, and improper diversion of funds).

10. HHSC files this limited objection to ensure that any final order allowing the use of cash collateral acknowledge that the Debtor has no property interest in Medicaid reimbursement payments, and that any such reimbursements are subject to HHSC's recoupment rights. Under Fifth Circuit law, a The Fifth Circuit has recognized that a Medicaid provider's participation in the Medicare program does not create a property interest in Medicaid reimbursement payments. *In re Shah v. Azar*, 920 F.3d 987, 997 (5th Cir. 2019). This is especially clear where a Medicaid provider is the subject of a pending investigation of fraud, or when there is "prima facie evidence of fraud." *Personal Care Products, Inc. v. Hawkins*, 635 F.3d 155 (5th Cir. 2011). Courts have also recognized HHSC's recoupment right in Medicaid reimbursements in the bankruptcy context, including finding that such recoupment does not violate the automatic stay. *See AHN Homecare, L.L.C. v. Home Health Reimbursement & Health Care Financing Administration* (*In re AHN Homecare, L.L.C.*), 222 B.R. 804, 812 (Bankr. N.D. Tex. 1998).

11. HHSC was not conducting an open investigation of the Debtor and its Medicaid reimbursements prior to the Petition Date. However, until the filing of the EBF Holdings Objection, HHSC was unaware that the Debtor purported to transfer title of the Receivables to EBF Holdings. While further investigation is necessary, such Receivables may have purported to include Medicaid reimbursements. Moreover, certain Secured Creditors have taken issue with the Debtor's representation that such Receivables were sold as unencumbered assets. It appears undisputed that the IRS has liens on all the Debtor's assets (including receivables) and that such liens arose well before the Debtor's execution of the Agreement. As a result of these developments, the Court should take no action that would prejudice the right of HHSC to assert, after further

investigation and only if necessary, that there is prima facie evidence of fraud with respect to the sale of the Receivables.

12. HHSC hereby objects to the assertion by EBF Holdings, or any other party, that they have an ownership interest in Medicaid reimbursements. HHSC maintains its recoupment rights in such reimbursements. Based on such rights, title has not passed to the Debtor and the reimbursements are not property of the Debtor's estate. *See In re Holford*, 896 F.2d 176, 179 (5th Cir. 1990) (holding that where a party has a recoupment right "the debtor has no interest in the funds.").

13. HHSC does not object to the Debtor's use of cash collateral. In fact, HHSC is supportive of the Debtor's use of cash collateral to ensure operations at the Facility are not interrupted and the care of residents is not adversely affected. However, any final order granting such use should maintain the language that was set forth in the interim cash collateral orders recognizing and preserving HHSC's recoupment rights. Moreover, the final order should not recognize, whether explicitly or implicitly, that the Debtor has any title or property interest in the Medicaid reimbursements subject to recoupment.

WHEREFORE, HHSC respectfully requests that any final cash collateral order recognize and preserve HHSC's recoupment rights as set forth herein and that the Court grant HHSC such further relief to which it is entitled.

Dated: February 14, 2022

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Jason B. Binford*
JASON B. BINFORD
Texas State Bar No. 24045499
AUTUMN D. HIGHSMITH
Texas State Bar No. 24048806
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548 MC008
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
jason.binford@oag.texas.gov
autumn.highsmith@oag.texas.gov

ATTORNEY FOR THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION

## CERTIFICATE OF SERVICE

      I certify that on February 14, 2022 a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding and via First Class U.S. Mail, postage prepaid on the following parties:

| | | | |
|---|---|---|---|
| EBF Holdings, LLC d/b/a Everest Business Funding c/o Padfield & Stout, LLP 420 Throckmorton Street, Suite 1210 Fort Worth, TX 76102 | Brandon James Gibbons Padfield & Stout, LLP 420 Throckmorton St., Suite 1210 Fort Worth, TX 76102 | Mark W. Stout Padfield & Stout, L.L.P. 420 Throckmorton Street, Suite 1210 Ft. Worth, TX 76102 | Gregg County Linebarger Goggan Blair & Sampson, LLP c/o Laurie A. Spindler 2777 N. Stemmons Freeway Suite 1000 Dallas, TX 75207 |
| Laurie A. Spindler Linebarger, Goggan, Blair & Sampson 2777 N. Stemmons Frwy Ste 1000 Dallas, TX 75207 | Shefa Healthcare c/o Roger S. Cox Underwood Law Firm P.O. Box 9158 Amarillo, TX 79105-9158 | The Linderian Company, Ltd. 301 Hollybrook Dr Longview, TX 75605 | Mark A. Castillo Curtis Castillo PC 901 Main St. Suite 6515 Dallas, TX 75202 |
| Robert C. Rowe Curtis Castillo PC 901 Main St., Ste. 6515 Dallas, TX 75202 | US Trustee Office of the U.S. Trustee 110 N. College Ave. Suite 300 Tyler, TX 75702 | John M. Vardeman UST Office 110 N. College St., Suite 300 Tyler, TX 75702 | David G. Adams U.S. Department of Justice, Tax Division 717 N. Harwood Street, Suite 400 Dallas, TX 75201 |
| James Garland Gillingham DOJ-USAO 110 North College Avenue, Suite 700 Tyler, TX 75702 | John M. Vardeman UST Office 110 N. College St., Suite 300 Tyler, TX 75702 | Mark A WEISBART (SBRA V) Subchapter V Trustee 10501 N Central Expy Ste 106 Dallas, TX 75231-2203 | |
| American Healthtech PO Box 936171 Atlanta, GA 31193 | BKD LLP 2800 Post Oak Blvd., S-3200 Houston, TX 77056 | Cloudfund LLC 400 Rella Blvd. Suite 165-101 Suffern, NY 10901 | EBF Holdings, LLC 5 West 37th Street Suite 1100 New York, NY 10018 |
| ETR Air Conditioning & Heating 4700 Old Troup Hwy Tyler, TX 75707 | Fortis EMS 701 Glencrest Lane Ste. B Longview, TX 75601 | Fox Capital Group 17640 Bentley Dr. Morgan Hill, CA 95037 | Gamma Healthcare Inc. 1717 W. Maud Poplar Bluff, MO 63901 |

7

| | | | |
|---|---|---|---|
| Internal Revenue Service Special Procedures - Insolvency PO Box 7346 Philadelphia, PA 19101-7346 | IPFS Corporation 24722 Network Place Chicago, IL 60673 | Longview Regional Medical Center PO Box 848144 Dallas, TX 75284 | MCKESSON MEDICAL-SURGICAL PO Box 630693 Cincinnati, OH 45263 |
| Mobile Dental Care 10830 N. Central Expy. Ste. 495 Dallas, TX 75231 | Pharmscript of Texas LLC PO Box 6042 Somerset, NJ 08875 | Prospera NPWT, LLC 1616 Van Zandt County Road 3416 Wills Point, TX 75169 | Southwestern Electric Power PO Box 24422 Canton, OH 44701 |
| Sysco East Texas 4577 Estes Pkwy. Longview, TX 75603 | Texas Oncology PA 12221 Merit Dr., Ste. 500 Dallas, TX 75251 | US Foodservice Dallas PO Box 843202 Dallas, TX 75284 | US Med Equip Inc. PO Box 4339 Houston, TX 77210 |

*/s/ Jason B. Binford*
JASON B. BINFORD
Assistant Attorney General