# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 22-60024 |
| **THE LINDERIAN COMPANY, LTD.** | § | |
| xx-xxx8556 | § | |
| 301 Hollybrook Dr., | § | |
| Longview, TX 75605 | § | |
| | § | Chapter 11 – Subch. V |
| Debtor. | § | |

## DEBTOR'S REORGANIZATION STATUS REPORT
## PURSUANT TO 11 U.S.C. § 1188(c)

**TO THE HONORABLE JOSHUA P. SEARCY,**
**UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW The Linderian Company, Ltd., the above-captioned Debtor-In-Possession (the "Debtor"), and files its Reorganization Status Report (the "Report") pursuant to section 1188(c) of title 11 of the United States Code (the "Bankruptcy Code") and this Court's Notice of Status Conference at Dkt. 25, and respectfully states as follows:

## BACKGROUND

1. On January 19, 2022 (the "Petition Date"), the Debtor filed its voluntary petition for relief with this Court under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to section 1184 of the Bankruptcy Code.

2. On January 21, 2022, the U.S. Trustee appointed Mark A. Weisbart of Hayward, PLLC as the Subchapter V Trustee in this Chapter 11 Case. Dkt. No. 20. On February 11, 2022, the U.S. Trustee appointed Susan N. Goodman of Pivot Health Law, LLC as Patient Care

Ombudsman. Dkt. No. 86. No other trustee, official committee of unsecured creditors or other statutory committee has been appointed in this Chapter 11 Case.

3. On January 25, 2022, this Court entered the Notice of Status Conference Pursuant to 11 U.S.C. § 1188(a). Dkt. No. 25. On February 3, 2022, this Court entered an order Granting Motion to Continue Status Conference. Dkt. 58. Pursuant to the previously mentioned Court order, the conference is scheduled for March 9, 2022 (the "Status Conference").

### REORGANIZATION REPORT FOR STATUS CONFERENCE[1]

Structure of Debtor's Secured Debt and Tax Obligations

4. The Debtor believes the IRS generally is the most senior, and by far the largest, secured creditor of this estate. The IRS has filed a proof of claim alleging the Debtor owes federal payroll tax obligations of greater than four-million dollars ($4,000,000). Liens on personal property are subject to the liens of ad valorem taxing authorities.

5. According to schedule D, up to eight (8) Creditors may hold secured claims. Three (3) of the Secured Creditors are factoring companies that view their relationship with the Debtor as true sales of receivables, and Debtor anticipates the classification of these Secured Creditors' collateral (i.e., whether it is property of the estate or subject to the superior liens of the IRS) will be a matter in dispute.

Condition of Debtor's Post-Petition Business Operations and Revenue Stream

6. The Debtor's post-petition business operations and revenue streams have been recently consistent and have not experienced major fluctuations. Debtor has continued its business

---

[1] This report is a mandatory statement required by the Bankruptcy Code and is not a comprehensive or immutable recitation of all important matters affecting this Debtor or this estate. This report should be read in conjunction with the numerous on-record hearings in this case and numerous continuing discussions among the constituents. The Debtor reserves all rights to modify, amend, and/or supplement this report based upon continuing events and investigations. This report is not a waiver or release of any rights, claims, or defenses of the Debtor or its estate.

with critical vendors for necessary goods and services or obtained alterative arrangements to ensure the uninterrupted supply of those goods and services. The Debtor's revenue streams have also remained steady. Additionally, the Debtor is evaluating potential recovery of greater than forty-thousand dollars from factoring creditors who transferred funds from Debtor's bank account post-petition.  Debtor has undertaken efforts to recover any alleged property of the estate currently held by third parties and will be discussing those issues with the effected factoring/lending/purchasing creditors, including the IRS and THHSC. Debtor is preparing information on both pre- and post-petition transfers to the factoring creditors for discussion with the IRS and THHSC.

Anticipated Administrative Expenses and Additional Professional Persons

7. The anticipated administrative expenses include payment for services provided by Debtor's Bankruptcy Counsel, retainer and fees for the appointed Ombudsman, retainer and fees for the appointed Subchapter V Trustee, and potential payments to one or more accounting firms whose services Debtor anticipates will be necessary for its reorganization. The requested pre- and post-petition retainers for the Debtor's Bankruptcy Counsel amount to thirty-five thousand dollars. The requested retainer for the appointed Ombudsman is six thousand dollars. The requested retainer for the appointed Subchapter V Trustee is seven thousand and five hundred dollars.

Compliance with the United States Trustee's Administrative Regulations

8. The Debtor is following the administrative regulations imposed the United States Trustee. Debtor participated in the Initial Debtor Interview (the "IDI"). Debtor has converted its bank account into a Debtor-In-Possession Account. To date, the Debtor has provided all the requested documents and/or working diligently on providing the outstanding documents, including proof of all required insurance coverages.

Unique Issue Affecting Ability to Reorganize

9. Unique issues affecting the Debtor's ability to reorganize include Debtor's status as a medical facility, renewed licensing with HHSC, and Debtor's ability to reach agreement with the IRS on satisfaction of its secured and priority debts.

Outline of Plan Concepts and/or Considerations

10. The Debtor is discussing a formal plan negotiation with the key constituents for late March 2022 so the Debtor may attain a consensual plan of reorganization. The Debtor's priorities under a Plan proposal would be to keep cashflow consistent, renew its license, make consistent and satisfactory payments to its creditors including, but not limited to, the IRS, to satisfy its substantial outstanding tax obligations. Debtor's strategies for reorganization include, *inter alia*, a buildout of the Debtor's facility in collaboration with its landlord, Shefa Healthcare, which should attract new residents and increase revenue; applying for and obtaining an employee retention tax credit from the IRS which Debtor believes will significantly reduce its IRS obligations; and making timely payments on a five-year plan to Debtor's creditors, including the IRS. However, the uniqueness of the Debtor's business and substantial size of secured and priority tax liabilities may require an atypical reorganization, which will be the subject of the late-March plan negotiation. Debtor will be considering all options for a proposed plan and successful resolution of this case.

**WHEREFORE, PREMISES CONSIDERED**, the Debtor submits the foregoing report under section 1188(c) of the Bankruptcy Code and the Court's Notice of Status Conference. The Debtor will appear with counsel to provide additional information at the Status Conference.

<div style="display:flex;justify-content:space-between;">

Dated: February 23, 2022.

Respectfully submitted,

*/s/ Mark A. Castillo*
Mark A. Castillo
 Texas Bar No. 24027795
Robert C. Rowe
 Texas Bar No. 24086253
Braxton B. Markle
 Texas Bar No. 24126022
CURTIS | CASTILLO PC
901 Main Street, Suite 6516
Dallas, Texas 75202
Telephone:   214.752.2222
Facsimile:    215.752.0709
Email: mcastillo@curtislaw.net
      rrowe@curtislaw.net
      bmarkle@curtislaw.net

**PROPOSED COUNSEL FOR DEBTOR-IN-POSSESSION**

</div>

# **CERTIFICATE OF SERVICE**

This is to certify that, on February 23, 2022, a true and correct copy of the foregoing document was served by the Court's ECF email system to all parties agreeing to such service, including counsel for the Debtor, the IRS, the THHSC, the Sub-V Trustee, the U.S. Trustee, the Ombudsman, and other parties that have filed a notice of appearance as shown below.

*/s/ Mark A. Castillo*
Mark A. Castillo

David G. Adams on behalf of Creditor United States (IRS)
david.g.adams@usdoj.gov, southwestern.taxcivil@usdoj.gov

Jason Binford on behalf of Interested Party Texas Health and Human Services Commission
jason.binford@oag.texas.gov

Mark A. Castillo on behalf of Debtor The Linderian Company, Ltd.
mcastillo@curtislaw.net

Roger S. Cox on behalf of Creditor Shefa Healthcare, LLC
roger.cox@uwlaw.com, mike.smiley@uwlaw.com;carolyn.corbet@uwlaw.com

Brandon James Gibbons on behalf of Creditor EBF Holdings, LLC d/b/a Everest Business Funding
bgibbons@padfieldstout.com

James Garland Gillingham on behalf of Creditor United States (IRS)
james.gillingham@usdoj.gov

Susan N. Goodman on behalf of Health Care Ombudsman Susan N Goodman
sgoodman@pivothealthaz.com, pivothealthaz@gmail.com

Robert C. Rowe on behalf of Debtor The Linderian Company, Ltd.
rrowe@curtislaw.net

Laurie A. Spindler on behalf of Creditor Gregg County
laurie.spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

Mark W. Stout on behalf of Creditor EBF Holdings, LLC d/b/a Everest Business Funding
ms@livepad.com

John M. Vardeman on behalf of U.S. Trustee US Trustee
john.m.vardeman@usdoj.gov

Mark A WEISBART (SBRA V)
mweisbart@haywardfirm.com, tsimmons@haywardfirm.com;ecf.alert+Weisbart@titlexi.com