**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| IN RE: § § § **THE LINDERIAN COMPANY, LTD.** § xx-xxx8556 § 301 Hollybrook Dr., Longview, TX 75605 § § **Debtor.** § | **Case No. 22-60024** Chapter 11 – Subch. V |

**DEBTOR'S MOTION TO EXTEND TIME TO FILE PLAN
PURSUANT TO 11 U.S.C. § 1189(b)**

**TO THE HONORABLE JOSHUA P. SEARCY,
UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned Debtor-In-Possession The Linderian Company, Ltd., files this Motion to Extend Time to File Plan and respectfully states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicate for the relief sought in this Motion is Bankruptcy Code section 1189(b). The relief sought in this Motion is also warranted under Rule 9006 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

4. On January 19, 2022 (the "Petition Date"), the Debtor filed its voluntary petition for relief with this Court under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to section 1184 of the Bankruptcy Code.

5. On January 24, 2022, the U.S. Trustee appointed Mark A. Weisbart of Hayward, PLLC as the Subchapter V Trustee in this Chapter 11 Case. Dkt. No. 20. On February 11, 2022, the U.S. Trustee appointed Susan N. Goodman, R.N., J.D., of Pivot Health Law, LLC as Patient Care Ombudsman ("PCO"). Dkt. No. 86. No other trustee, official committee of unsecured creditors or other statutory committee has been appointed in this Chapter 11 Case.

6. Two status reports have been filed and two status conferences have been held in this case. On March 9, 2022, the Court held a status conference on the Debtor's reorganization efforts pursuant to 11 U.S.C. § 1188. On April 8, 2022, the Court held an emergency status conference per a request filed by the Texas Health and Human Services Commission ("HHSC"). Other hearings have been held in this case concerning cash collateral and other first-day and second-day matters.

7. In addition to the various hearings in this case, the Debtor has had several meetings and calls with its key constituents. An initial plan-related meeting was held in person and via zoom at the offices of the Sub-V Trustee. Participants included the Debtor, its counsel, the Sub-V Trustee, Mr. Weisbart, counsel for the IRS, counsel for HHSC, Debtor's landlord-lender Shefa Healthcare and its counsel. The parties discussed the potential structure of a plan, including pursuit of a new operator for the Debtor's facilities, selection and approval of which would likely take until June 2022. It will take even more time for the IRS to consider an overall plan structure due

to the size of tax-related debt owed by the Debtor. A follow-up call was held among this group on the new-operator status and a third call is scheduled for April 20. The Debtor and IRS also have had two calls with counsel for the Debtor's three factoring companies and are hopeful for a resolution by April 25 on the Debtor's and IRS's request for return of postpetition debits from the Debtor (the factors have requested additional time to consider the return request due to a current religious holiday).

8. The Debtor also has submitted a timely notice of its appeal of a recent HHSC decision denying renewal of Greg Sechrist's license to operate the facility due to the IRS tax liens. The Debtor will continue to coordinate and cooperate with the HHSC in this effort as best it can. Importantly, the denial appears to be solely based on the unpaid payroll taxes and in no way caused by any deficiencies in Debtor's care and treatment of its residents.

9. The current plan filing deadline is April 19. Debtor believes the issues described above, as well as the need to prioritize patient care throughout the reorganization, together are circumstances justifying an extension of the plan filing deadline. As such, Debtor files this Motion under 11 U.S.C. § 1189(b) requesting an extension of the plan filing deadline and has been conferring with the U.S. Trustee and Subchapter V Trustee on this and other issues.

## RELIEF REQUESTED AND AUTHORITY FOR RELIEF

10. Under Bankruptcy Code section 1189(b):

> The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable.

11 U.S.C. § 1189(b). Accordingly, under Bankruptcy Code section 1189(b), this Court has discretion to extend the time for the Debtor to file its plan upon a finding that "the need for the

extension is attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. § 1189(b).

11. Many courts have recognized that Congress contemplated an accelerated and efficient process for Subchapter V cases, with a significant concern for small business debtors to have a realistic option for reorganizing and saving their business operations. *See, e.g., In re Trepetin*, 617 B.R. 841, 845-46 (Bankr.D.Md. 2020). The term "'justly' in this context is commonly defined as 'in accordance with justice, law, or fairness' and 'accountable' as 'responsible' or 'liable to be called to account or to answer for responsibilities and conduct.'" *Id.* at 848-49.. Put in other terms, "the appropriate inquiry is whether the Debtor is fairly responsible for his inability to … file a plan in this Subchapter V case." *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333 at 345 (quoting *Trepetin*, 617 B.R. at 849-50) (internal quotation marks omitted).

12. The Debtor submits that such circumstances exist here and warrant an extension of the time for the Debtor to file its plan. When filing its plan, the Debtor endeavors to provide information sufficient to enable creditors to make an informed decision regarding how to vote on the plan. Here, however, the Debtor faces significant issues described above. The progress and disposition of these issues will affect materially the Debtor's long-term viability and the amount of money available for distribution to creditors. Therefore, until these matters are finalized, or at minimum progressed further, the Debtor is unable to provide creditors with meaningful projections as to likely recoveries for creditors under a plan. For this reason, the Debtor requests an extension of 90 days to file its plan.

13. Because subchapter V of the Bankruptcy Code was recently enacted, there is little case law to guide the Court's interpretation of Bankruptcy Code section 1189(b)'s provision for

an extension of the time to file a plan. However, in *In re Baker*, 625 B.R. 27 (Bankr. S.D. Tex. 2020), the Court found that the need for an extension was grounded in circumstances not attributable to the debtor where a government claims bar date had not yet run, and the potential for certain government claims created uncertainty around "Debtor's ability to file an appropriately constructed, feasible plan." *Id.* Baker is instructive. Here, the construction of the Debtor's plan is to a significant measure contingent upon the disposition of the handling of the IRS's substantial nearly $4 million claim, return of post-petition transfers, and location and approval of a new operator to move the Debtor out of bankruptcy. Accordingly, the need for the relief sought in this Motion "is attributable to circumstances for which the debtor should not justly be held accountable."

14.     This request is not because of any dilatory conduct of the Debtor. The Debtor has had numerous material meetings with its constituents, including countless calls and emails not described above due to brevity. The Debtor believes it is making some progress toward formulating its plan.

## **CONCLUSION**

Debtor's reorganization continues to face serious challenges which it is striving to resolve, but it must prioritize patient care and keep its residents safe and well cared for. Debtor will continue working toward a resolution the above-discussed matters but for now must request that this Court extend the time for the Debtor to file a plan for approximately 90 days.

Dated: April 15, 2022.                                  Respectfully submitted,

                                                   */s/Mark A. Castillo*
                                                   Mark A. Castillo
                                                   Texas State Bar No. 24027795
                                                   Robert C. Rowe
                                                   Texas State Bar No. 24086253
                                                   **CURTIS | CASTILLO PC**
                                                   901 Main Street, Suite 6515
                                                   Dallas, Texas 75202
                                                   Telephone: 214.752.2222
                                                   Facsimile: 214.752.0709
                                                   Email: mcastillo@curtislaw.net
                                                         rrowe@curtislaw.net

                                                   **COUNSEL FOR DEBTOR-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on April 15, 2022, the foregoing document was served via the Court's CM/ECF or by email on all parties who have made an appearance or otherwise requested service of notice in this case.

                                                   */s/Robert C. Rowe*
                                                   Robert C. Rowe