Susan N. Goodman
Texas Bar No. 24117585
PIVOT HEALTH LAW, LLC
P.O. Box 69734
Oro Valley, Arizona 85737
sgoodman@pivothealthaz.com
(520) 744-7061
*Patient Care Ombudsman*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| IN RE:<br>**The Linderian Company, Ltd.**<br>301 Hollybrook Dr<br>Longview, TX 75605<br>dba Summer Meadows<br>**Debtor** | Case No. 22-60024-jps<br>Chapter 11 |

### FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURESMENT OF EXPENSES OF SUSAN N. GOODMAN, AS PATIENT CARE OMBUDSMAN, FROM FEBRUARY 11, 2022, THROUGH MAY 31, 2022

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the parting filing this pleading <u>*WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE*</u> shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The court reserves the right to set a hearing on any matter.**

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURESMENT OF EXPENSES OF SUSAN N. GOODMAN, AS PATIENT CARE OMBUDSMAN, FROM FEBRUARY 11, 2022, THROUGH MAY 31, 2022**

Susan N. Goodman, as the Patient Care Ombudsman (the "**PCO**" and "**Applicant**"), pursuant to this Court's February 11, 2022, order granting the *First Amended United States Trustee's Unopposed Motion for Order Directing Appointment of Patient Care Ombudsman* [Docket No. 84] (the "**Appointment Order**") submits this *First Interim Application for Allowance of Compensation and Reimbursement of Expenses of Susan N. Goodman, as Patient Care Ombudsman* (the "**Application**"), *from February 11, 2022, through May 31, 2022* (the "**Application Period**")[1].

Pursuant to Sections 330, 331 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Eastern District of Texas Rule No. 2016-1, the PCO requests allowance and approval for professional fees and expenses related to service as the PCO. For the Application Period, PCO accrued professional fees for services rendered on behalf of the residents cared for by the Debtor in the amount of $22,500.00 and incurred out-of-pocket expenses in the amount of $2,284.23. A breakdown of PCO expenses by category is:

| Expense Category | Total Amount |
|---|---|
| Airfare | $ 1,306.23 |
| Car Rental | $ 541.87 |
| Hotel | $ 290.95 |
| Meals | $ 51.88 |
| Parking Fees/Tolls | $ 46.00 |
| Postage | $ 47.30 |
| **Total** | **$ 2,284.23** |

---

[1] PCO has included budgeted hours for professional fees through June 2022, without additional monies added for travel expenses associated with a third site visit. Any travel expenses incurred for a third site visit will either be billed later at actual rates, or deducted from PCO's budgeted, earned June 2022 fees should the case ultimately be dismissed at the late-June hearing.

The total amount of PCO's fees and expenses is **$24,784.23**. The amount includes fees in the amount of $1,050.00 related to the preparation, service, follow-up, and possible court appearance in relation to this Application. In support of this Application, PCO represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this Chapter 11 proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in this Application are Local Rule of Bankruptcy Procedure 2016, Federal Rules of Bankruptcy Procedure Rule 2016, and Bankruptcy Code §§ 105, 330 and 333.

## BACKGROUND

4. On January 19, 2022, (the "**Petition Date**") the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. Since the Petition Date, the Debtor continued to operate as a health care business and remained as a debtor in possession in accordance with Bankruptcy Code §§ 1107 and 1108.

6. On February 11, 2022, the Court entered its *Order Granting United States Trustee's First Amended Unopposed Motion for Order Directing Appointment of Patient Care Ombudsman* [Docket No. 84] (the "**Appointment Order**").

7. PCO's qualifications to serve as the PCO in this case are documented in her resume, attached herein as **Exhibit A**.

8. After filing a *Motion and Order for Admission Pro Hac Vice* [Docket No. 89], PCO made her *Notice of Appearance and Request for Notices* to appear on her own behalf as a resident fiduciary [Docket No. 103 on February 18, 2022].

## SUMMARY OF SERVICES PROVIDED

9. During the Application Period, PCO promptly engaged with the Debtor after appointment, conducting an initial site visit within a week of appointment.

10. At the time of preparation of this Application, PCO had conducted two site visits, preparing reports to the court associated with each visit.

11. A third site visit is anticipated after the filing of this Application and before the hearing on the case dismissal motion. Accordingly, the Application includes budgeted amounts in anticipation of the continued engagement that will be necessary through the end of June 2022.

12. In addition to conducting site visits and authoring reports, PCO has remained engaged with nursing and facility leadership during the interim reporting periods. Further, PCO has engaged in update sessions, as needed, with counsel for the Debtor, the Internal Revenue Service, the Texas Attorney General's Office, the Subchapter V Trustee, and the United States Trustee's Office. PCO monitored the case docket for pleadings relative to case dynamics and progress at a level of engagement consistent with the PCO role.

13. In support of this Application, PCO submits fee summaries and detailed invoices (by month) attached herein as **Exhibits B and C**.

14. PCO spent a total of 62.8 hours engaged in the PCO role, billing for 60 of these hours. The bulk of professional fee hours were spent engaged in activities that would classify under general case administration (41.7 billed hours; 44.5 total hours). Half rate non-working travel hours totaled 15.5 hours. Time spent associated with the preparation of this fee application totaled 2.8 hours.

## EVALUATION STANDARDS

15. United States Bankruptcy Code § 330(a)(3)-(4)(A) provides an analytical framework to evaluate the reasonableness of professional fees and expenses. The court considers the nature, extent, and value of the services rendered relative to: (1) the time spent, (2) the rates charged, (3) whether the services were necessary or provided a benefit to the estate, (4) the time spent relative to the complexity and nature of the task addressed, (5) whether the professional demonstrated skill and expertise, (6) whether the professional fee is comparatively reasonable, and (7) whether the fee

avoids unnecessary duplication and/or waste. If the professional fee requested fails this analysis, the court may reduce the amount of compensation awarded.

16. The Fifth Circuit has historically adopted a "lodestar" method for determining the reasonableness of compensation under Bankruptcy Code §330. *See In re Lawler*, 807 F.2d 1207, 1211 (5th Cir. 1987) (the primary method used to determine a reasonable fee in bankruptcy is "equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work").

17. PCO provided a vital and necessary service to patients and residents cared for by the Debtor during the reorganization process through effective and ongoing interaction and engagement that added value through pro-active oversight and feedback. PCO worked efficiently in the execution of the PCO role, serving as a sole professional. Accordingly, PCO requests that this Court enter a final order approving and allowing full payment of PCO' fees and expenses in the total requested amount of $24,784.23 ($22,500.00 in fees and $2,284.23 in expense reimbursement).

18. PCO's hourly rate of $375.00 compares favorably to hourly rates charged by other professionals who serve in this role and is consistent with PCO's health law practice fees. PCO has clinical, health care operational, and health law compliance experience and expertise which allowed for comprehensive PCO coverage and support without necessitating the engagement of multiple professionals.

19. PCO has not shared or agreed to share compensation or reimbursement awarded in this case with any other person or entity.

20. No agreement or understanding exists between PCO and any other person for division of compensation.

21. PCO has not entered into any agreement prohibited by U.S.C. Title 18 § 155.

**RELIEF REQUESTED**

WHEREFORE, PCO respectfully requests that this Court enter an order substantially in the form attached herein as **Exhibit D**:

a. approving and allowing fees of $22,500.00 as compensation for actual and necessary professional services rendered by the PCO for the benefit of Debtor's residents during the Application Period;

b. approving the reimbursement of actual and necessary out-of-pocket expenses in the amount of $2,284.23 incurred by PCO in the performance of the required professional services during the Application Period;

c. authorizing the payment **$24,784.23** (the "**Award**") to PCO through Pivot Health Law, LLC; and,

d. granting such other and further relief as the Court deems just and proper.

DATED: June 2, 2022.  By: */s/ Susan N. Goodman, RN JD*
Susan N. Goodman
Texas Bar No. 24117585
PIVOT HEALTH LAW, LLC
P.O. Box 69734
Oro Valley, Arizona 85737
Message: (520) 744-7061
sgoodman@pivothealthaz.com
*Patient Care Ombudsman*

## STATEMENT OF CERTIFYING PROFESSIONAL

The undersigned hereby certifies that I have prepared the foregoing *First Interim Application for Allowance of Compensation and Reimbursement of Expenses of Susan N. Goodman, as Patient Care Ombudsman, from February 11, 2022, through May 31, 2022*, and to the best of my knowledge, information, and belief, formed after reasonable inquiry, the compensation and expense reimbursement requested (a) are in conformity with the *Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Eastern District of Texas* [Revised February 19, 2020], and (b) were billed at rates in accordance with practices, no less favorable than those customarily employed by the Applicant, and generally accepted by the Applicant's clients.

DATED: June 2, 2022.  By: */s/ Susan N. Goodman, RN JD*
Susan N. Goodman
Texas Bar No. 24117585
PIVOT HEALTH LAW, LLC

# SUSAN NIELSEN GOODMAN



## PROFESSIONAL SUMMARY

Healthcare attorney dedicated to patient-centered, collaborative, operational compliance.

## SKILLS

- Regulatory Compliance
- Auditing
- Contracts
- Staff Education
- Process Improvement
- Process and Forms Development
- Bankruptcy Patient Care Ombudsman
- Medical Staff/Governance

## WORK HISTORY

**Pivot Health Law – Oro Valley, AZ**              July 2019 – Present
**ATTORNEY**

- Regulatory compliance healthcare practice; including but not limited to, HIPAA/HITECH, Stark, AKS/FCA, PPACA, practice management, medical staff, governance, contracts, and patient care/privacy ombudsman in bankruptcy reorganization.

- Ombudsman appointments include:

  - Corridor Medical Services, Inc.; WD TX (Austin); 18-11569
  - Mayflower Communities, Inc.; ND TX (Dallas); 19-30283
  - The LaSalle Group, Inc.; ND TX (Dallas); 19-31484
  - CAH Acquisition Company #5, LLC; D KS (Wichita); 19-10359
  - Astria Health, *et al.*; ED WA (Yakima); 19-01189
  - Memory Care America, LLC; WD TX (San Antonio); 19-51385
  - MMMT Corporation, D NV (Las Vegas); 19-16113
  - Stone Oak Memory Care, WD TX (San Antonio); 19-52375
  - Walker County Hospital Corp, SD TX (Houston); 19-36300
  - Williamson Memorial Hospital, SD WV (Charleston); 19-20469
  - The Medical Diagnostic Imaging Group, Ltd., *et al.*; D AZ (Phoenix); 19-15722 (PCO & CPO)
  - Destiny Springs Healthcare, LLC; D AZ (Phoenix); 19-15702
  - Jonathan R. Sorelle, M.D., PLLC, *et al.*; D NV (Las Vegas); 19-17870
  - Jack County Hospital District Chapter 9; ND TX (Ft. Worth); 20-40858
  - Jack County Hospital District Chapter 9; ND TX (Ft. Worth); 20-42012
  - Site visit assistance, western locations, American Addiction Centers, Inc.; D DE 20-11648
  - CMC II, LLC; D DE (Wilmington); 21-10461
  - Roman's House, LLC; N.D. TX 19-45023 (2nd ombudsman in case)
  - Buckingham Senior Living Community, Inc.; SD TX (Houston); 21-32155
  - Top Notch Healthcare Assistance, LLC; SD TX (Houston); Sub V; 21-33376
  - Valley Hospice of Arizona, LLC; D AZ (Phoenix); Sub V; 21-08392
  - Edward Eades, MD PC; D AZ (Tucson); Sub V; 21-08572
  - QHC Facilities, LLC; SD IA (Des Moines); 21-01643 (jointly administered)

- Consultative appointments include:
  - Trusted Care East Valley Arizona, LLC; Chapter 7; D AZ (Phoenix); 2-01878 (record issues)

## Mesch Clark Rothschild – Tucson, AZ                                      July 2013 – July 2019
### ATTORNEY

- Established firm's regulatory compliance healthcare practice; including but not limited to, HIPAA/HITECH, Stark, AKS/FCA, PPACA, practice management, medical staff, contracts, and patient care/privacy ombudsman in bankruptcy reorganization.

- Ombudsman appointments included:
    - Surgical Specialty Hospital of Arizona; D AZ (Phoenix); 13-20029
    - Sears Methodist Retirement System; ND TX (Dallas); 14-32821
    - Hutcheson Medical Center; ND GA (Rome); 14-42863
    - University General Health System; SD TX (Houston); 15-31086
    - Santa Fe Medical Group; D NM (Albuquerque); 15-11247
    - Saint Michael's Medical Center; D NJ; 15-24999
    - Forest Park Medical Center, Frisco; ED TX (Tyler); 15-41684
    - Spring Central Hospital; SD TX (Houston); 15-35370
    - UGHS Sr. Living; SD TX (Galveston); 15-80399
    - Border Medical Specialists Chapter 11; WD TX (El Paso); 16-30078
    - Forest Park Medical Center, Ft. Worth; ND TX (Ft. Worth); 16-40198
    - Forest Park Medical Center, Southlake; ND TX (Ft. Worth); 16-40273
    - Border Medical Specialists Chapter 7; WD TX (El Paso); 16-31056
    - Central Iowa Healthcare; SD IA (Des Moines); 16-02438
    - Louisiana Medical Center Heart Hospital; ED LA (New Orleans); 17-10353
    - North Texas Medical Center/ Gainesville Hospital District Chapter 9; ED TX (Sherman); 17-40101
    - Humble Surgical Hospital; SD TX (Houston); 17-31078
    - Green Valley Hospital; D AZ (Tucson); 17-03351
    - Solid Landings Behavioral Health, Inc; CD CA (Santa Ana); 17-12213
    - Acadiana Management Group, LLC, *et al.*; WD LA (Lafayette); 17-50799
    - Kennewick Public Hospital District Chapter 9; WD WA (Spokane); 17-02025
    - Eden Home, Inc.; WD TX (San Antonio); 18-50608
    - Scottsdale Detox Center of Arizona, LLC; D AZ (Phoenix); 17-11494
    - Neighbors Legacy Holdings, Inc.; SD TX (Houston); 18-33836
    - Little River Healthcare Holdings LLC, *et al.*; WD TX (Waco); 18-60526
    - Corridor Medical Services, Inc.; WD TX (Austin); 18-11569
    - Mayflower Communities, Inc.; ND TX (Dallas); 19-30283
    - The LaSalle Group, Inc.; ND TX (Dallas); 19-31484
    - CAH Acquisition Company #5, LLC; D KS (Wichita); 19-10359
    - Astria Health, *et al.*; ED WA (Yakima); 19-01189

## Ascension Health/Carondelet St. Mary's Hospital – Tucson, AZ          January 2008 - June 2013
### CRITICAL PRODUCTS MANAGER, THE RESOURCE GROUP

- Provided liaison support between consultant groups, service line leadership, physicians, and supply chain staff as part of readiness effort to move to PeopleSoft based national ordering system.
- Led national contract effort for supplies deemed critical by local clinician partners.

### SENIOR ANALYST, RESOURCE & SUPPLY MANAGEMENT GROUP

- Supported Chief Resource Officer in policy development, presentation preparation, and business strategy development (spine cost-per-case, heart valves, quarterly updates).
- Developed a price over-ride process that maximized contract price compliance.
- Analyzed complex new device requests including presentations to senior leadership & clinician customers to gain buy-off on recommended direction (Aquamantys, Concentric Merci).
- Collaborated with service line leadership and consulting teams in data refinement and proofing for projects related to strategic business analysis.

- Collaborated with IT/IS to improve MediTech MM utilization, including three custom RSMG reports, scripting of item master additions/changes.

**REVENUE LIAISON AUDITOR**
- Provided critical liaison support between PFS, nurse auditing, contract management, and the service line with an emphasis on process/revenue improvement for the cardiac, neurological, and hospice service lines.
- Analyzed new procedure requests with recommendations to senior leadership.
- Continued with emergency center billing training and auditing support.
- Collaborated with supply chain on cost-per-case analysis and procedural profitability.

**CLINICAL DOCUMENTATION SPECIALIST**
- Re-designed emergency center documentation using a bedside approach to ensure compliance, simplification, and communication of care across the care continuum.
- Collaborated with lab to improve the point-of-care lab process and led the team to reduce the order error rate from over 60% to less than 5%.
- Created and implemented a billing process that was later launched across the network as a best practice.
- Participated in the corporate responsibility committee as the unit-based representative.
- Collaborated with care management, admitting, and outside consultants on process improvements.

Boston Scientific Corporation – Maple Grove, MN　　　　　　　　　　　　January 2007 – December 2007
**CORONARY SALES REPRESENTATIVE**
- Supported interventional, specialty, and diagnostic cath lab product lines with an emphasis on staff education, customer support, and service.
- Negotiated, closed, launched intra-vascular ultrasound at large, competitive hospital.
- Obtained contract compliance to market share agreement with largest customer

St. Jude Medical – Minnetonka, MN　　　　　　　　　　　　May 2006 – January 2007
**SALES REPRESENTATIVE**
- Supported specialty product, closure device, and diagnostic product lines; ensured staff and physician certification supported patient outcomes; and grew sales to achieve top-10 national ranking by 2007.
- Provided nursing unit training to ensure competency with the closure system across the patient care continuum.

Guidant Corporation – Santa Clara, CA　　　　　　　　　　　　April 2001 – May 2006
**SENIOR, PRINCIPAL, AND TARGETED CLINICAL SALES SPECIALIST**
- Specialized in simplifying technical concepts and training fellows and staff.
- Selected regional specialist for new concept product launches, i.e. brachytherapy.
- Obtained three promotions and two national awards providing interventional cardiology line support for Arizona and Southern New Mexico.

Chandler, Tullar, Udall & Redhair LLP – Tucson, AZ　　　　　　　　　　　　May 2000 – April 2001
**ASSOCIATE ATTORNEY**
- Assisted in civil litigation insurance defense work including medical malpractice and personal injury.
- Recruited and prepared expert witnesses, including interaction with claims managers.

Court of Appeals, Division Two – Tucson, AZ　　　　　　　　　　　　February 1999 – May 2000
**LAW CLERK**
- Drafted opinion and decision memoranda for Hon. J. Pelander and Hon. J. Howard.
- Proofed staff attorney decisions with administrative staff.

Hospice Family Care – Tucson, AZ					May 1994 – July 1995
**DIRECTOR OF ADMISSIONS**
- Managed admissions team of 8 – 10 staff.
- Negotiated payment for non-contracted hospice benefits with state indigent insurers.

Advanced Cardiovascular Systems, Inc. – Santa Clara, CA			July 1988 – May 1994
**PERSONNEL REPRESENTATIVE, HUMAN RESOURCES DEPT.**
- Selected as internal team-member for comprehensive field sales restructuring/redeployment project to work with external consulting firm.
- Provided field sales and engineering department human resource support, recruitment, and training.

**ASSOCIATE PRODUCT MANAGER, MARKETING DEPT.**
- Supported product management for balloon dilatation segment comprising 50% of corporate sales revenues.

**CLINICAL SPECIALIST, FIELD SALES DEPT.**
- Selected Clinical specialist of the year first year in the position.
- Provided field sales support for angioplasty product line.

Other Employment – Legal and Clinical – Michigan and Arizona
- Legal Project Work, various firms					1997 – 1998
- Clinical Nursing Positions—critical care unit (CCU) and cardiac cath lab	1985 – 1988

## EDUCATION

University of Arizona James E. Rogers College of Law – Tucson, AZ			1998
**JURIS DOCTOR**
- GPA 3.7/4.0 (11/149); Order of the Coif; Summa Cum Laude
- Arizona Law Review, Executive Note Editor: 1997 – 1998

University of Phoenix – San Jose, CA						1992
**BACHELOR OF SCIENCE, BUSINESS ADMINISTRATION**

Bronson Hospital School of Nursing – Kalamazoo, MI				1985
**RN DIPLOMA**
- First Honors and Nursing Excellence Award

## LICENSES / MEMBERSHIPS

- Arizona State Bar #019483 ▪ Arizona RN #059995 ▪ Texas State Bar #24117585

▪American Health Law Association Member; Vice-Chair Education, Enterprise Risk Management Affinity Group 2021-2022



# EXHIBIT B
*Fee Statement Summary*

Case Name:  The Linderian Company, Ltd.
Case No:  ED TX (Tyler) 22-60024-11
02/11/2022 - 05/31/2022

| Cumulative Totals to Date ||||| |
|---|---|---|---|---|
| **FEES BILLED** | **COSTS BILLED** | **HOLDBACK** | **FEES PAID** | **COSTS PAID** |
| $22,500.00 | $2,284.23 | $0.00 | $0.00 | $0.00 |

| Date: | 2-Jun-22 | Objection Deadline: | 27-Jun-22 |
|---|---|---|---|

| MO/YR | PROFESSIONAL | RATE/HR | HOURS BILLED | TOTAL | HOLDBACK | AMT DUE |
|---|---|---|---|---|---|---|
| Feb-22 | SUSAN N. GOODMAN | $375.00 | 18 | $6,750.00 | $0.00 | $6,750.00 |
| Mar-22 | SUSAN N. GOODMAN | $375.00 | 4.7 | $1,762.50 | $0.00 | $1,762.50 |
| Apr-22 | SUSAN N. GOODMAN | $375.00 | 20.9 | $7,837.50 | $0.00 | $7,837.50 |
| May-22 | SUSAN N. GOODMAN | $375.00 | 16.4 | $6,150.00 | $0.00 | $6,150.00 |
|  | TOTAL FEES |  |  | $22,500.00 | $0.00 | $22,500.00 |
|  |  |  |  |  |  |  |
|  | TOTAL COSTS |  |  | $2,284.23 | N/A | $2,284.23 |
|  |  |  |  |  |  |  |
|  | AMOUNT DUE |  |  | $24,784.23 |  | $24,784.23 |

EXHIBIT C - Itemized Invoices



**Pivot Health Law, LLC**
P.O. Box 69734
Oro Valley, AZ 85737

# Invoice

**Invoice #:** 1199
**Invoice Date:** 3/5/2022

Period: February 11 - 28, 2022

**Bill To:**

The Linderian Co Ltd
ED TX (Tyler) 22-60024
File No. 43432

| Date | Description | Hours/Qty | Rate | Amount |
|---|---|---|---|---|
| 2/1/2022 | Pre appt calls (AG and follow-up) (.4); UST (.5) +(.3); msg and follow up EML LTC team (.2); EML follow up Debtor (.1); prepare pro hac and NOA (.3) | 1.8 | 0.00 | 0.00 |
| 2/8/2022 | Pre appointment EMLs re status of site (AG)(.1) and UST (.5) | 0.6 | 0.00 | 0.00 |
| 2/14/2022 | Review CMS compare data on facility (.4); Initial call with admin/owner (.2); | 0.6 | 375.00 | 225.00 |
| 2/16/2022 | Nonworking travel: DSM to DFW (2.2 hours); Drive DFW to Site (3.0)= 5.2/2 = 2.6 | 2.6 | 375.00 | 975.00 |
| 2/16/2022 | Engage in site visit; time with admin; DON, maintenance, observe care, interact with kitchen staff; observe activities; interview residents x5; meet medical records staff; meet IP; meet staffing/supply nurse; | 6.7 | 375.00 | 2,512.50 |
| 2/16/2022 | Post site visit debrief call with admin/owner (13 min) | 0.2 | 375.00 | 75.00 |
| 2/17/2022 | Nonworking travel: Longview to DAL (3.0); DAL to PHX (2.5); PHX to TUS (2.0) = 7.5 less .7 working calls = 6.8/2 = 3.4 | 3.4 | 375.00 | 1,275.00 |
| 2/17/2022 | Update call UST(.5); Msg to AG (.1) | 0.6 | 375.00 | 225.00 |
| 2/18/2022 | Docket monitoring and pleading review at a level consistent with role - DE 94 IRS Obj; DE 95 pro hac PCO order; and revised SOFA DE 96 (.1); DEs 99-102 various hearing witness/exhib pleadings and EML admin re LSC survey (.1) | 0.2 | 375.00 | 75.00 |
| 2/18/2022 | Draft/file PCO NOA and 2015.1 initial report pleading (.2); review and follow up with admin/counsel re DE 104 relative to potential impacts based on site visit (.1) | 0.3 | 375.00 | 112.50 |
| 2/20/2022 | Review Dec 21 survey findings and POCs (.3); review and analyze site visit notes and begin initial report draft (.8) | 1.1 | 375.00 | 412.50 |

**Total**

**Payments/Credits**

**Balance Due**

| | Pivot Health Law, LLC | | | **Invoice** |
| --- | --- | --- | --- | --- |
| | P.O. Box 69734 | | | |
| | Oro Valley, AZ 85737 | | | |

**Invoice #:** 1199
**Invoice Date:** 3/5/2022

Period: February 11 - 28, 2022

**Bill To:**

The Linderian Co Ltd
ED TX (Tyler) 22-60024
File No. 43432

| Date | Description | Hours/Qty | Rate | Amount |
| --- | --- | --- | --- | --- |
| 2/21/2022 | Draft resident posting (.1); site visit follow up texts with maintenance (.1); follow up call with DON to close loop on site visit items (.3) | 0.5 | 375.00 | 187.50 |
| 2/21/2022 | Finish initial report draft (.8); EML to admin and DON for accuracy (NC); final edits (.3) | 1.1 | 375.00 | 412.50 |
| 2/23/2022 | Update call with AG re hearing (.2); docket monitoring and review at level consistent with role - DEs 110, 113 - 117 (.3) | 0.5 | 375.00 | 187.50 |
| 2/25/2022 | Follow up Debtor counsel re site visit | 0.2 | 375.00 | 75.00 |
| | Professional Fee Subtotal | | | 6,750.00 |
| 2/14/2022 | Linderian SV1 AIRFARE Reschedule | | 157.68 | 157.68 |
| 2/14/2022 | Linderian SV 1 AIRFARE (reschedule flight from DSM) | | 425.60 | 425.60 |
| 2/14/2022 | Linderian SV 1 AIRFARE (reschedule flight from DSM) Seats | | 28.98 | 28.98 |
| 2/16/2022 | LINDERIAN SV1 MEALS (CHEDDARS) | | 6.48 | 6.48 |
| 2/16/2022 | LINDERIAN SV1 MEALS (CHICK FIL A) | | 10.12 | 10.12 |
| 2/16/2022 | LINDERIAN SV1 MEALS (SHELL) | | 5.92 | 5.92 |
| 2/17/2022 | LINDERIAN SV1 HOTEL (COURTYARD MARRIOTT) | | 156.40 | 156.40 |
| 2/17/2022 | LINDERIAN SV1 CAR RENTAL HERTZ | | 211.62 | 211.62 |
| 2/17/2022 | LINDERIAN SV1 CAR RENTAL FUEL | | 36.58 | 36.58 |
| 2/17/2022 | LINDERIAN SV1 PARKING FEES/TOLLS (SKY HARBOR) | | 18.00 | 18.00 |
| 2/17/2022 | LINDERIAN SV1 MEALS Starbucks | | 14.67 | 14.67 |
| | Total Reimbursable Expenses | | | 1,072.05 |

| | | |
| --- | --- | --- |
| | **Total** | $7,822.05 |
| | **Payments/Credits** | $0.00 |
| | **Balance Due** | $7,822.05 |

**Pivot Health Law, LLC**
P.O. Box 69734
Oro Valley, AZ 85737

# Invoice

**Invoice #:** 1205
**Invoice Date:** 4/16/2022

Period: March 1 - 31, 2022

**Bill To:**

The Linderian Co Ltd
ED TX (Tyler) 22-60024
File No. 43432

| Date | Description | Hours/Qty | Rate | Amount |
|---|---|---|---|---|
| 3/4/2022 | docket monitoring and pleading review at level consistent with role re final cash collateral hearing; follow up court re telephonic appearance | 0.1 | 375.00 | 37.50 |
| 3/7/2022 | Update call with current DON and anticipated interim DON | 0.5 | 375.00 | 187.50 |
| 3/8/2022 | Attend final cash collateral hearing (technical issues r/t audio) - total dial in time 100 min. - discount | 1 | 375.00 | 375.00 |
| 3/21/2022 | EML exchange with current and interim DON re rest quality data (.1); review additional QAPI file and follow up questions (.2); EML exchg debtor counsel re status call (.1) | 0.4 | 375.00 | 150.00 |
| 3/22/2022 | Call to discuss case strategy with debtor, landlord, IRS counsel, and others (technical difficulty initially (not charged .5); call length additional 1.5 (my contribution .6) follow up Erin (.2) | 0.8 | 375.00 | 300.00 |
| 3/23/2022 | EML exchanges DON re quality data | 0.1 | 375.00 | 37.50 |
| 3/29/2022 | check in call with maintenance (.3); follow up call TX AG (.1); attend status conf call (36 min call) (.4) | 0.8 | 375.00 | 300.00 |
| 3/30/2022 | Update call with outgoing DON and interim DON | 0.4 | 375.00 | 150.00 |
| 3/30/2022 | Update call HHS atty re current state and concerns | 0.1 | 375.00 | 37.50 |
| 3/31/2022 | docket monitoring and review at level consistent with role DE 135/136 re IRS default notice (.1); call related to notice with TX AG (.2); update call with IRS (.2) | 0.5 | 375.00 | 187.50 |
| 3/31/2022 | Follow up call with IRS contact re 2d site visit EML and feedback re visit | 0.3 | 0.00 | 0.00 |
| | Professional Fee Subtotal | | | 1,762.50 |

**Total**

**Payments/Credits**

**Balance Due**

**Pivot Health Law, LLC**

P.O. Box 69734
Oro Valley, AZ 85737

# Invoice

**Invoice #:** 1205
**Invoice Date:** 4/16/2022

Period: March 1 - 31, 2022

**Bill To:**

The Linderian Co Ltd
ED TX (Tyler) 22-60024
File No. 43432

| Date | Description | Hours/Qty | Rate | Amount |
|---|---|---|---|---|
| 3/30/2022 | Linderian AIRFARE SV2 (one-way) | | 322.99 | 322.99 |
| 3/30/2022 | Linderian AIRFARE SV2 (one-way) | | 370.98 | 370.98 |
| | Total Reimbursable Expenses | | | 693.97 |

| | |
|---|---|
| **Total** | $2,456.47 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $2,456.47 |

# Pivot Health Law, LLC

P.O. Box 69734
Oro Valley, AZ 85737

# Invoice

**Invoice #:** 1209
**Invoice Date:** 5/13/2022

Period: April 1 - 30, 2022

**Bill To:**

The Linderian Co Ltd
ED TX (Tyler) 22-60024
File No. 43432

| Date | Description | Hours/Qty | Rate | Amount |
|---|---|---|---|---|
| | Prepare, file, and serve 2d 2015.1 notice | 0.1 | 375.00 | 37.50 |
| 4/5/2022 | 1/2 rate non-working travel (excluding wait time at airport) - TUS to PHX (1.5); PHX to DAL (2.5); DAL to Summer Meadows (2.5) = 6.5/2 = 3.2 | 3.2 | 375.00 | 1,200.00 |
| 4/5/2022 | Site visit #2: Meet with owner; DON, interact staff, maintenance, resident/family member interviews on both halls inclusive of resident council lead; | 5.1 | 375.00 | 1,912.50 |
| 4/6/2022 | Truncated site visit follow-up due to water main break and implementation emergency procedures | 0.8 | 375.00 | 300.00 |
| 4/6/2022 | 1/2 rate non-working travel: Site to DAL (2.5); DAL to PHX (2.4); PHX to TUS (1.5) = 6.4. Less .3 update AG call = 6.1/2 = 3 plus (.3) working call | 3.3 | 375.00 | 1,237.50 |
| 4/6/2022 | Update call with IRS counsel | 0.1 | 375.00 | 37.50 |
| 4/7/2022 | EML follow up to larger group re site visit and concerns (.2); update call with DON (.4); EML and review of DE 141 with response re out office (.1) | 0.7 | 375.00 | 262.50 |
| 4/12/2022 | docket monitoring and document review and analysis at level consistent with role - DEs 145-146 | 0.2 | 375.00 | 75.00 |
| 4/12/2022 | Attend hearing 1st session (65 min); 2nd part (31 min) (1.6); update call AG (.1); EML follow up exchg Shefa counsel and bio review (.1) | 1.8 | 375.00 | 675.00 |
| 4/14/2022 | call to Amy re emergency hearing prior to vacation with update to maintenance on 14th - both totaling .1; EML follow up with state LTC ombudsman re potential moving residents and request for call (.1) | 0.2 | 375.00 | 75.00 |
| 4/15/2022 | current state and planning call with state ombudsman re possible resident moves | 0.7 | 375.00 | 262.50 |

**Total**

**Payments/Credits**

**Balance Due**

# Pivot Health Law, LLC

P.O. Box 69734
Oro Valley, AZ 85737

# Invoice

**Invoice #:** 1209
**Invoice Date:** 5/13/2022

Period: April 1 - 30, 2022

**Bill To:**

The Linderian Co Ltd
ED TX (Tyler) 22-60024
File No. 43432

| Date | Description | Hours/Qty | Rate | Amount |
|---|---|---|---|---|
| 4/18/2022 | Draft second report (.5)+(.2)+(.4) = 1.1; call with maintenance leadership (.5); | 1.6 | 375.00 | 600.00 |
| 4/19/2022 | Call with AG/HHSC/Debtor re contingency planning to move residents (.6); follow up AG (.3) | 0.9 | 375.00 | 337.50 |
| 4/20/2022 | Attend status call (Debtor, IRS, AG, LL) (.8); Review DE 153 Debtor status report as well as final edits to second report, file, serve (.1) | 0.9 | 375.00 | 337.50 |
| 4/22/2022 | Attend hearing (.7); follow up call maintenance leadership (.3) | 1 | 375.00 | 375.00 |
| 4/24/2022 | update call with interim DON | 0.2 | 375.00 | 75.00 |
| 4/28/2022 | docket monitoring and review at level consistent with role - Deb Obj to Dismissal and IRS comment; creditor matrix update with document updates | 0.1 | 375.00 | 37.50 |
| | Professional Fee Subtotal | | | 7,837.50 |
| 4/5/2022 | Linderian SV 2 MEALS (Starbucks) | | 8.77 | 8.77 |
| 4/6/2022 | Linderian SV2 HOTEL | | 134.55 | 134.55 |
| 4/6/2022 | Linderian SV2 CAR RENTAL | | 249.28 | 249.28 |
| 4/6/2022 | Linderian SV2 CAR RENTAL (Fuel_Fox Fuels) | | 44.39 | 44.39 |
| 4/6/2022 | Linderian SV2 PARKING FEES/TOLLS | | 28.00 | 28.00 |
| 4/6/2022 | Linderian SV2 MEALS_Fox Fuels Gas Station | | 5.92 | 5.92 |
| | Total Reimbursable Expenses | | | 470.91 |

| | |
|---|---|
| **Total** | $8,308.41 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $8,308.41 |



**Pivot Health Law, LLC**
P.O. Box 69734
Oro Valley, AZ 85737

# Invoice

**Invoice #:** 1211
**Invoice Date:** 5/31/2022

Period: May 1 - 31, 2022
with budgeted fees for June 2022

**Bill To:**

The Linderian Co Ltd
ED TX (Tyler) 22-60024
File No. 43432

| Date | Description | Hours/Qty | Rate | Amount |
|---|---|---|---|---|
| 5/2/2022 | EML follow up re LOI and payroll with responses from Shefa, AG, Debtor (.3) | 0.3 | 375.00 | 112.50 |
| 5/4/2022 | Update call with DON (.1); | 0.1 | 375.00 | 37.50 |
| 5/12/2022 | check in call with IRS counsel | 0.3 | 375.00 | 112.50 |
| 5/15/2022 | Prepare April Exhibit B | 0.1 | 375.00 | 37.50 |
| 5/19/2022 | Update call with DON (.2); | 0.2 | 375.00 | 75.00 |
| 5/20/2022 | Update exchanges (TXT) with DON and maintenance | 0.1 | 375.00 | 37.50 |
| 5/24/2022 | Review DE 177 re supplement to dismissal motion hearing (.1); follow up with Debtor office (.1); EML follow up with AG (.1) | 0.3 | 375.00 | 112.50 |
| 5/25/2022 | update/check-in call with UST | 0.2 | 375.00 | 75.00 |
| 5/31/2022 | Fee application and associated pleading preparation (app; NOBD; COS) | 2.8 | 375.00 | 1,050.00 |
| 5/31/2022 | Budgeted time for June site visit and report (Non-working 1/2 rate travel 3 hrs; site visit 5 hrs; report 2.0; op team check in/follow up 1.0; attend dismissal hearing 1.0) | 12 | 375.00 | 4,500.00 |
| | Professional Fee Subtotal | | | 6,150.00 |
| 5/31/2022 | Linderian POSTAGE 1st Fee App | | 47.30 | 47.30 |

| | | |
|---|---|---|
| | **Total** | $6,197.30 |
| | **Payments/Credits** | $0.00 |
| | **Balance Due** | $6,197.30 |

Exhibit D – Proposed Form of Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| IN RE:<br>**The Linderian Company, Ltd.**<br>301 Hollybrook Dr<br>Longview, TX 75605<br>dba Summer Meadows<br>**Debtor** | Case No. 22-60024-jps<br>Chapter 11 |

**ORDER GRANTING FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF SUSAN N. GOODMAN, AS PATIENT CARE OMBUDSMAN, FROM FEBRUARY 11, 2022, THROUGH MAY 31, 2022**

The Court having considered the *First Interim Application for Allowance of Compensation and Reimbursement of Expenses of Susan N. Goodman, as Patient Care Ombudsman, from February 11, 2022, through May 31, 2022* (the "**Application**") filed by Susan N. Goodman (the "**PCO**" or "**Applicant**"); and it appearing to the Court that (a) the requested fees and expenses are reasonable and necessary, (b) that notice of the Application was sufficient and appropriate and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this District, (c) no objections or responsive pleadings were filed; and, (d) that good cause exists to grant the Application;

IT IS HEREBY ORDERED THAT:

1. The Application is hereby GRANTED and APPROVED in the amount of $24,784.23, consisting of fees in the amount of $22,500.00 and expenses in the amount of $2,284.23, as an allowed administrative expense of the estate for the period of February 11, 2022, through May 31, 2022.

2. The Debtor is authorized to pay PCO the total amount of $24,784.23 through Pivot Health Law, LLC.

3. The Court shall retain jurisdiction to implement, enforce, and interpret this Order.

Signed on _____

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

Respectfully submitted,

Susan N. Goodman
Texas State Bar No. 24117585
PIVOT HEALTH LAW, LLC
P.O. Box 69734
Oro Valley, Arizona 85737
Msg Phone: (520) 744-7061
Facsimile: (520) 575-4075
sgoodman@pivothealthaz.com
*Patient Care Ombudsman*